Hornig et al. *v.* Hornig, Appellant.
Hornig *v.* Hornig, Appellant.

Argued November 9, 1936.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*K. L. Shirk*, with him *W. Hensel Brown*, of *Bard & Brown*, for appellant

*Chas. W. Eaby*, for appellees.

OPINION BY STADTFELD, J., January 29, 1937:
These were two separate actions against Adam Hor-

nig, brought to recover damages for malicious prosecution, one by Elizabeth S. Hornig, and the other by Adam B. Hornig, by his mother and next friend, the said Elizabeth S. Hornig. The two cases were tried together, resulting in verdicts for the respective plaintiffs, the first one in the sum of $200 and the other in the sum of $300. Defendant appealed in each case.

The facts in each case arise out of the same matter. They are correctly set forth in the opinion of the lower court by ATLEE, P. J. in the case of Elizabeth S. Hornig, from which we quote as follows: "Elizabeth S. Hornig is the wife of Harvey Hornig and the daughter-in-law of Adam Hornig. As plaintiff the said Elizabeth S. Hornig has brought suit against the said Adam Hornig, as defendant, to recover damages for malicious prosecution. Upon the trial of the case the following facts appeared: On July 18, 1933, Adam Hornig made a levy on personal property on the premises on which Elizabeth S. Hornig and Adam B. Hornig, a minor son of Elizabeth S. Hornig, were living. A Sheriff's sale was held on July 24, 1933, at which Adam Hornig became the purchaser of sundry items of personal property. All of this personal property was outside of the residence occupied by Elizabeth S. Hornig, and was located, in part, in a greenhouse on the premises, and, in part, in a cellar under the residence. This cellar was used as a boiler room from which the greenhouse was heated. On November 18, 1933, Adam Hornig filed a complaint before Justice of the Peace H. R. Steigerwalt of Manheim Township, this County, in which complaint Adam Hornig averred that Elizabeth S. Hornig and Adam B. Hornig did on November 18, 1933, and before that date, unlawfully take, steal, and carry away, a quantity of flowers, flower pots, sweet potatoes and white potatoes from the greenhouse located at Eden, Penna., property of Adam Hornig. Upon the trial before a petit jury in the Court of

Quarter Sessions in this County, the two defendants were acquitted, the jury bringing in a verdict of 'not guilty' on March 12, 1934, and imposed the costs on the prosecutor Adam Hornig. The testimony showed that the defendants were arrested about 4 A. M. as they were leaving their home to go to market with flowers from the greenhouse, etc."

The only assignment of error in each appeal is the refusal to enter judgment for defendant non obstante veredicto. The testimony and the inferences properly deducible therefrom, in view of the verdict of the jury, must be considered in the light most favorable to the respective plaintiffs.

It was admitted by defendant that when the plaintiffs were arrested there were neither white potatoes nor sweet potatoes in the truck, but flowers only, and that for the stealing of these flowers he had them arrested.

The testimony on behalf of plaintiffs was in part as follows: On July 18, 1933, the sheriff sold the personal property of Harvey S. Hornig, the husband of Elizabeth Hornig, to Adam Hornig, the appellant; a few days after the sale the appellant destroyed gladiolas, sweet corn and celery and hauled away the white potatoes; the chrysanthemums and pompoms were in the greenhouses at the time of the sheriff's sale; these flowers were taken care of by the appellee from the date of the sheriff's sale until they matured; the appellant did nothing towards caring for these flowers; the appellees prepared them for market; they were placed in old paint cans; on November 18, 1933, the flowers and the old tin cans were placed in the auto to be taken to the Reading market; they started for market about 4:00 a. m.; the appellant made a complaint against his grandson and daughter-in-law for larceny of "flowers, flower pots, sweet potatoes and white potatoes" ...... "valued at $95.00"; after hiding

in the field, the constable and appellant arrested the appellees as soon as they reached the public road; they had 25 or 35 bunches of flowers worth ten cents per bunch in the truck when arrested; the containers were discarded paint cans; there were no flower pots or potatoes, either sweet or white, on the truck when arrested; they were all taken before the Justice of the Peace; at about 5:30 a. m., they were cast into cells in the police station and kept there until about nine o'clock when they procured bail and were released. Elizabeth Hornig testified that she didn't consider these flowers to have been his (appellant's) goods. "I considered they were our goods, because we grew them. They were little when I began watering them." Appellees denied that they had sold or disposed of any of the potatoes, but admitted they had eaten some of them. There was testimony that at the hearing before the Magistrate, appellant insisted that the case be returned to court.

Appellees had the burden of proving by circumstances or otherwise, that the defendant appellant had no reasonable or probable ground for instituting the original proceeding: *Altman v. Standard Refrigerator Co.*, 315 Pa. 465, 173 A. 411.

The trial judge submitted the case to the jury with instructions that the plaintiffs had to show both want of probable cause and malice, and affirmed all of the points submitted by counsel for defendant, with exception of a point requesting the direction of a verdict in favor of defendant. It would have been error to have withdrawn the case from the consideration of the jury. In view of the relationship between the parties and the circumstances surrounding the original prosecution, the verdicts are not surprising and are fully supported by the testimony.

The assignments of error are overruled and the judgment in each case affirmed.